UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ERVIN JOSHUA COLEMAN,

Plaintiff,

v.

OFFICER KAYLA KIGHT, OFFICER JAMES GRAY, OFFICER RYAN MCGEE,

OFFICER RYAN TAITE, and JOHN DOES 1-10,

in their individual capacities,

Defendants.

Case No.: 3:25-cv-712-MMH-SJH

JURY TRIAL DEMANDED


COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983 - EXCESSIVE FORCE)


I. INTRODUCTION

1. This is a civil rights action for damages under 42 U.S.C. § 1983, arising from an unlawful and excessive use of force by officers of the Jacksonville Sheriff's Office and federal task force agents during the execution of a search warrant on June 21, 2023, at Plaintiff's place of business located at 9029 Lem Turner Road, Jacksonville, Florida.

2. Plaintiff ERVIN JOSHUA COLEMAN alleges that while fully compliant and restrained, he was violently assaulted by multiple officers, including being punched, kicked, slammed to the ground, and subjected to weight-bearing kneeling to his back, head, and neck, in violation of his clearly established constitutional rights.

3. Plaintiff brings this action to hold those individuals accountable for their conduct and seeks compensatory and punitive damages for the physical and emotional harm he suffered.


II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because this case arises under the Constitution and laws of the United States.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Jacksonville, Florida, within the Middle District.

### III. PARTIES

6. Plaintiff ERVIN JOSHUA COLEMAN is a United States citizen and resident of Florida, currently incarcerated at James I. Montgomery Correctional Center.

7. Defendant OFFICER KAYLA KIGHT is an officer employed by the Jacksonville Sheriff's Office and was present during the execution of the search warrant. She is sued in her individual capacity.

8. Defendant OFFICER JAMES GRAY is a JSO officer whose body camera captured part of the incident. He is sued in his individual capacity.

9. Defendant OFFICER RYAN MCGEE and OFFICER RYAN TAITE, also JSO officers, participated in the use of force against Plaintiff and are sued in their individual capacities.

10. JOHN DOES 1-10 are unidentified law enforcement officers from JSO, DEA, or CBP who were present on scene and directly participated in or failed to intervene in the excessive force. Plaintiff will amend this Complaint as their identities become known.

### IV. FACTUAL ALLEGATIONS

11. On June 21, 2023, at approximately 12:58 p.m., law enforcement officers from JSO, DEA, and CBP arrived at 9029 Lem Turner Road to execute a search warrant.

12. Prior to entering the building, officers approached Plaintiff and violently slammed him to the ground without provocation. Plaintiff was not armed, not resisting, and posed no threat to officer safety.

13. As shown in Exhibit A (A-1 through A-13), Plaintiff was struck multiple times, kicked, and subjected to sustained pressure to his head, neck, and back by at least four officers simultaneously.

14. At no point did Plaintiff resist or threaten officers. He was verbally assaulted by officers who yelled "Shut the fuck up!" while inflicting physical harm.

15. Body-worn camera footage (including AXON Body 2 - Extraction 1.1) captures audio of the takedown and timestamps confirm the use of force began before the search commenced, at approximately 12:58 p.m. The sound of a tactical team breach is recorded at 1:00 p.m., but no footage shows the team's actual entry.

16. Several officers involved in the assault had their faces blurred in discovery materials. These officers were not listed in the State's Discovery Exhibit prepared by ASA Richard Giglio, and Plaintiff has reason to believe the video was selectively redacted to obscure their identities.

### V. CLAIMS FOR RELIEF

Count I - Excessive Force (42 U.S.C. § 1983 - Fourth and Fourteenth Amendments)

17. Plaintiff re-alleges all prior paragraphs.

18. The conduct of the named Defendants and unidentified John Does constitutes excessive force under the Fourth Amendment and violates clearly established constitutional rights.

19. The force used was objectively unreasonable, unnecessary, and punitive, as Plaintiff was already compliant and subdued.

20. The injuries inflicted include physical pain, bruising, mental anguish, emotional distress, and constitutional injury.

21. Defendants acted under color of law, in their official duties, and with deliberate indifference to Plaintiff's rights.

22. Plaintiff is entitled to compensatory and punitive damages, along with costs and attorney's fees under 42 U.S.C. § 1988.


VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award compensatory damages in an amount to be determined at trial;

B. Award punitive damages against the individual Defendants;

C. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988;

D. Grant any other relief the Court deems just and proper.


VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues.


Respectfully submitted,

*E. Coleman*

ERVIN JOSHUA COLEMAN

(Pro Se Plaintiff)

James I. Montgomery Correctional Center

4727 Lannie Road

Jacksonville, FL 32218